**burns charest** llp

**Daniel H. Charest**
dcharest@burnscharest.com

February 21, 2023

**Via ECF**

The Honorable Pamela K. Chen
United States District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Stephens, et al. v. HSBC Holdings PLC, et al.*, 18-CV-07439 (PKC) (CLP)
      Request for Stay Extension and Participation in May 18 Status Conference

Dear Judge Chen:

The above-referenced action was recently reassigned to this Court. This firm represents plaintiffs in this action. Plaintiffs have conferred with defendants regarding recent developments and the next steps in this action. Plaintiffs write to raise two issues with the Court.

Based on the conference, plaintiffs can represent that the parties jointly request that the stay currently in place be continued until the Supreme Court issues a decision in *Twitter v. Taamneh*, No. 21-1496. On February 16, 2023, the Court issued an order to that same effect in *Freeman, et al. v. HSBC Holdings PLC, et al.*, 1:2018-cv-07359 (Chen, J.) (extending stay in *Freeman I*, *Freeman II*, and *Bowman*). And this action, to preserve judicial resources, would benefit from the same stay extension.

Further, the Court ordered that the parties in *Freeman I*, *Freeman II*, and *Bowman* participate in a status conference on May 18, 2023, to discuss amended pleadings, scheduling, and related issues. Given the overlap between *Stephens* and *Freeman I*, *Freeman II*, and *Bowman*, the *Stephens* plaintiffs respectfully request to participate in the May 18 status conference, so any amendment, scheduling, or other procedural issues might be discussed among the parties to *Stephens* (this case) and *Freeman I*, *Freeman II*, and *Bowman*.

Plaintiffs in *Stephens* have articulated claims similar to the claims in *Freeman II* and *Bowman*. And plaintiffs in *Stephens* expect to amend their complaint to update their pleadings not only to reflect recent case law (including any further clarification in *Taamneh*) but also to add new information developed in the ordinary course during the passage of time while *Freeman I* was on appeal. Plaintiffs in *Stephens* believe coordination makes sense among these cases and want to streamline the process by participating in the May 18 status conference currently scheduled for *Freeman I*, *Freeman II*, and *Bowman*.

For their part, defendants report a willingness for plaintiffs in *Stephens* to "attend" the May 18 status conference (which, of course, we could with or without defendants' assent) but have resisted "participation" in the May 18 status conference. As an alternative to participation in the May 18 status conference, defendants suggested that the Court might convene a second status conference

The Honorable Pamela K. Chen
February 21, 2023
Page 2

immediately following the May 18 status conference. Plaintiffs in *Stephens* view that process as unnecessarily complex with the potential for disjointed schedules, plans, and the like. Of course, plaintiffs in *Stephens* stand ready to participate in whatever manner the Court sees fit.

Thank you for your time and attention in this matter.

Best regards,

**BURNS CHAREST LLP**

Daniel H. Charest, Partner

cc:     All Counsel of Record (by ECF).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on this day, February 21, 2023, to all counsel of record, via the Court's ECF system.

Electronically submitted by:

/s/ Warren T. Burns
Warren T. Burns
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
469-904-4550
wburns@burnscharest.com

*Attorney for Plaintiffs*